UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN EARL SCALLY, | No. 2:15-cv-2589 CKD P |
| Petitioner, | |
| v. | ORDER |
| THOMAS A. FERRARA, | |
| Respondent. | |

Petitioner, a pretrial detainee in the Solano County Jail, is proceeding pro se. He has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Petitioner has consented to a magistrate judge's jurisdiction to conduct all proceedings in this case.

Petitioner asserts that he is being unlawfully detained in the Solano County Jail while awaiting trial. (ECF No. 1.) Generally the writ of habeas corpus will not extend to one awaiting trial unless special circumstances exist to reveal an absence of state processes effective to protect a federal right. See Ex parte Royall, 117 U.S. 241, 245–254 (1886); Fay v. Noia, 372 U.S. 391 (1963), overruled in part by Wainwright v. Sykes, 433 U.S. 72 (1977), and Coleman v. Thompson, 501 U.S. 722 (1991). Federal courts will not interfere with pending state criminal

1

1   proceedings unless the petitioner has exhausted all state court remedies with respect to the claim
2   raised.  See Mannes v. Gillespie, 967 F.2d 1310, 1311–1312 (9th Cir. 1992).

3         Further, a federal court generally will not enjoin or directly intercede in ongoing state
4   court proceedings absent the most unusual circumstances.  Younger v. Harris, 401 U.S. 37
5   (1971).  Federal courts will abstain if the state proceeding 1) is currently pending, 2) involves an
6   important state interest, and 3) affords the petitioner an adequate opportunity to raise
7   constitutional claims.  Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S.
8   423, 432 (1982).  Here, it appears that criminal proceedings are pending at the pretrial stage.  The
9   proceedings involve the important state interest of not having a federal court interfere in ongoing
10  state criminal proceedings to try collateral issues in piecemeal fashion.  See Dubinka v. Judges of
11  Superior Court of State of Cal. for County of Los Angeles, 23 F.3d 218, 223 (9th Cir. 1994).
12  Finally, it appears that petitioner has access to processes in which he may raise his constitutional
13  issues, including all generally available pretrial and trial processes, and, if petitioner is convicted,
14  the appellate process in the state appellate courts.  Thus, petitioner has an adequate opportunity to
15  raise his constitutional claims.

16        The court need not abstain if there are extraordinary circumstances, such as when the state
17  court proceedings were undertaken for bad faith or for purposes of harassment, or where the
18  statute defining a criminal offense at issue is "flagrantly and patently violative of express
19  constitutional prohibitions."  Dubinka, 23 F.3d at 25; see, Lebbos v. Judges of Superior Court,
20  Santa Clara County, 883 F.2d 810, 816 (9th Cir. 1989).  Petitioner has not shown that such
21  extraordinary circumstances are present.

22        In sum, as petitioner is challenging the legality of his confinement as a pretrial detainee,
23  the petition is premature, and the court will abstain from the exercise of jurisdiction.  Where, as
24  here, the Younger abstention doctrine applies, it is appropriate to dismiss the action.  See Gibson
25  v. Berryhill, 411 U.S. 564, 577 (1973).

26        Petitioner also attaches inmate grievances concerning his conditions of confinement.  A
27  habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of
28  his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) (quoting Preiser v. Rodriguez,

411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  <u>McCarthy v. Bronson</u>, 500 U.S. 136, (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.   Here, as the grieved issues do not affect the duration of petitioner's confinement, they are not properly brought within this federal habeas action and are also subject to dismissal.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis is granted;

2. The petition (ECF No. 1) is dismissed as premature;

3. The Clerk of Court shall close this case; and

4. The Clerk of the Court is directed to serve a copy of this order together with a copy of the petition filed in the instant case on the Attorney General of the State of California.

Dated:  December 30, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / scal2589.pretrial

---

[1] Petitioner may re-file such claims in an action pursuant to section 1983.  Petitioner is advised that the statutory filing fee for such an action is $350.00. 28 U.S.C. §§ 1914(a), 1915(b)(1).  A section 1983 inmate plaintiff proceeding in forma pauperis is obligated to pay this fee in monthly installments from his or her prison trust account.